

FEB 0 6 2018

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PETER ONEZINE | CIVIL ACTION NO. 6:17-cv-1276 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RUSSELL HANDY, ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

On October 3, 2017, plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983. It does not appear that he was an inmate at the time filing.

## I.
## BACKGROUND

Plaintiff's initial *in forma pauperis* ("IFP") application was incomplete. Doc. 2. On October 6, 2017, an order was issued by this court instructing the plaintiff to submit a completed IFP application. Doc. 4. The compliance deadline was set for November 6, 2017. *Id.* On October 19, 2017, the order was returned with the notation "attempted-not known, unable to forward." Doc. 5. On November 17, 2017, the court entered an order striking his complaint for failure to submit a completed IFP application. Doc. 7. The court notes that the strike order, sent to the same (and only) address provided by plaintiff when he filed his complaint, was not returned to the court.

Thereafter, on January 23, 2018, plaintiff filed a motion to "reinstate" this already closed case. Doc. 8. On the same day, he filed another application to proceed *in forma pauperis*. Doc. 9. The application did not contain any financial information. *Id.* On January 25, 2018, plaintiff filed a supplement to the IFP. Doc. 10. As with his previous IFP application in this matter, the supplement did not contain any financial information. *Id.*

1

## II.
## PRIOR CASES

Plaintiff is very familiar with the requirements for filing civil rights lawsuits as well as what is needed on an application to proceed IFP. Prior to filing the current case, he filed five complaints or appeals wherein he failed to submit a completed IFP application. In *Onezine v. State of Louisiana, et al*, 6:10-cv-1246, plaintiff filed a deficient IFP application. He was advised of the deficiency and, over the course of approximately nine months, was given several opportunities to cure same. Instead, he submitted basically incoherent letters and another incomplete IFP application. The complaint and all associated pleadings were dismissed and stricken from the record. *Id.* at doc. 8. Likewise, in *Onezine v. Vallare, et al.*, No. 6:11-cv-116, plaintiff's complaint was again stricken for failure to supply the appropriate IFP despite being given notice of the deficiency and an opportunity to cure same. *Id.* at doc. 5. Further, in *Onezine v. Neustrom, et al.*, No. 6:09-cv-1418, plaintiff was twice ordered to submit a properly executed IFP application. He ultimately complied and was afforded IFP status. His complaint was later dismissed as frivolous. Plaintiff appealed the dismissal and again filed a deficient application to proceed IFP on appeal. He was advised of the deficiency but failed to cure same, resulting in a denial of his motion. His appeal was dismissed for want of prosecution and failure to comply with the Prison Litigation Reform Act. *Id.* at doc. 24. Further, six months prior to filing the case at bar, plaintiff filed *Onezine v. Sams Wireless, et al.*, No. 6:17-cv-512. There, plaintiff failed to comply with the court's memorandum order to pay the filing fee or to file a completed IFP application, resulting in his complaint being stricken. *Id.* at doc. 5. In addition, only two months prior to filing the present matter, plaintiff filed yet another civil rights case in which he again failed to file a completed IPF application. The case was dismissed by this court for failure to comply with the order directing

2

him to submit the completed application. *See Onezine v. Financial Institutions, et al.*, No. 6:17-cv-1174, doc. 6.

## III.
## PENDING MATTERS

As previously stated, plaintiff has filed: (1) a motion to "reinstate" this already closed case; (2) an application to proceed *in forma pauperis*; and, (3) a supplement to the IFP application. Neither the application nor the supplement contain any financial information. Plaintiff has advanced no justification in his motion to reopen explaining why he has failed to comply with the order of this court. In fact, he has repeatedly ignored this court's orders (in the present case and many others) directing him to submit completed applications to proceed IFP. To-date, plaintiff has failed to pay this court's filing fee or file a completed IFP application. Simply put, reopening this matter is not warranted and this case remains closed.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to reinstate/reopen this case [doc. 8] be, and hereby is **DENIED**.

**IT IS ALSO ORDERED** that plaintiff's application to proceed *in forma pauperis* [doc. 9] and the supplement thereto [doc. 10] be, and hereby are **DENIED AS MOOT**.

THUS DONE in Chambers on this 5th day of February, 2018.

Patrick J. Hanna
United States Magistrate Judge

3